IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIASER R. RAMIREZ,<br><br>　　　Petitioner,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER,<br>Governor, STATE OF<br>CALIFORNIA,<br><br>　　　Respondents.<br>_____ | No. C 07-5507 MMC (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE AMENDMENT TO PETITION NAMING PROPER RESPONDENT** |

On October 30, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the reversal by Governor Schwarzenegger ("Governor") of a 2006 decision by the California Board of Parole Hearings ("Board") to grant petitioner parole. Petitioner has paid the filing fee.

**BACKGROUND**

In 1984, in the Superior Court of Monterey County, petitioner was convicted of second degree murder. He was sentenced to a term of seventeen years to life in state prison. On June 29, 2006, the Board found petitioner suitable for parole. On November 13, 2006, the Governor reversed the Board's decision. On September 25, 2007, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Governor's decision.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims the Governor's reversal of the Board's decision to grant petitioner parole was not based on sufficient reliable evidence, in violation of due process. Liberally construed, petitioner's claim is cognizable.

The petition cannot go forward, however, because a proper respondent has not been named. The proper respondent in a habeas action is "the state officer having custody of the applicant," if the applicant is in custody. See Rule 2, Rules Governing Section 2254 Cases, Rule 2. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Id. Advisory Committee Notes. Failure to name a petitioner's custodian as a respondent deprives the federal court of personal jurisdiction. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). In the instant petition, petitioner identifies two respondents: "Arnold Schwarzenegger, Governor," and "State of California," neither of which is a proper respondent. Accordingly, before the Court can issue an order to show cause directing the respondent to answer the petition, petitioner must file an amendment to the petition to substitute, as the respondent, the warden of the prison where he is currently incarcerated, as set forth below.

2

**CONCLUSION**

For the reasons stated above, petitioner must file an amendment to the petition to name the proper respondent. The amendment must include the caption and civil case number used in this order (No. C 07-5507 MMC (PR)), and must be titled "Amendment to Petition to Name Proper Respondent." Petitioner must file the amendment to the petition within **twenty (20)** days of the date this order is filed. Failure to timely file the amendment will result in the dismissal of this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED: April 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge