IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIASER R. RAMIREZ,        )<br>                          )<br>        Petitioner,        )<br>                          )<br>    v.                    )<br>                          )<br>BEN CURRY, Warden,          )<br>                          )<br>        Respondent.         )<br>_____ ) | No. C 07-5507 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; DIRECTING CLERK TO SUBSTITUTE BEN CURRY AS RESPONDENT** |

On October 30, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the reversal by Governor Schwarzenegger ("Governor") of a 2006 decision by the California Board of Parole Hearings ("Board") to grant petitioner parole. On April 11, 2008, the Court found the petition stated cognizable claims for relief. The Court determined that the petition could not go forward, however, because a proper respondent had not been named. Specifically, petitioner had identified "Arnold Schwarzenegger, Governor," and "State of California," as respondents, but had not named the state officer having custody of petitioner. See Rule 2, Rules Governing Section 2254 Cases. The Court granted petitioner leave to file an amendment to the petition to substitute, as the respondent, the warden of the prison in which petitioner currently is incarcerated.

On April 18, 2008, petitioner filed an amendment to the petition naming Ben Curry, the warden of the Correctional Training Facility at Soledad, as his custodian. Accordingly,

the Court will direct the Clerk of the Court to substitute Warden Ben Curry as the respondent to the petition.

As the Court found in its prior order, petitioner has stated a cognizable claim for relief based on his assertion that the Governor's reversal of the Board's decision to grant petitioner parole was not based on sufficient reliable evidence, in violation of due process. Accordingly, respondent will be ordered to respond to the petition, as set forth below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall substitute Warden Ben Curry as the respondent in this action.

2. The Clerk shall serve by certified mail a copy of this order, <u>the petition, and all attachments thereto (Docket No. 1)</u>, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or

2

statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    IT IS SO ORDERED.

DATED: August 19, 2008

*Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge