IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIASER R. RAMIREZ, ) | No. C 07-5507 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. ) | |
| ) | |
| BEN CURRY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On October 30, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the reversal by Governor Schwarzenegger ("Governor") of a 2006 decision by the California Board of Parole Hearings ("Board") granting petitioner parole. After petitioner filed an amended petition ("AP") to name a proper respondent, respondent filed an answer to the AP and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed

supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to the claims raised herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1984, in the Superior Court of Monterey County ("Superior Court"), petitioner was convicted of second degree murder. He was sentenced to a term of seventeen years to life in state prison. The judgment of conviction was affirmed on appeal, and the California Supreme Court denied review.

On June 29, 2006, at petitioner's tenth parole suitability hearing, the Board, after discussing the facts of the commitment offense with petitioner, reviewing his mental health reports as well as social and criminal history, and evaluating his progress while incarcerated, found petitioner was suitable for parole and that he would not pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. 1 (Pet'r Super. Ct. Pet.) Hearing Transcript at 47.)[1]

On November 13, 2006, the Governor reversed the Board's decision, finding the negative factors weighing against petitioner's parole suitability outweighed the positive factors tending to support it, and that petitioner's release at that time would pose an unreasonable risk of danger to society. (Ex. 1 Governor's Decision at 3.)

Petitioner thereafter filed a petition for a writ of habeas corpus in the Superior Court, challenging the Governor's decision. In an opinion issued June 8, 2007, the Superior Court denied relief, finding the Governor had properly considered all relevant factors specified by state parole statutes and regulations, and that the Governor's decision was supported by some evidence. (Ex. 2.) Petitioner next filed, respectively, a petition for a writ of habeas corpus in

---

[1] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

1 the California Court of Appeal and a petition for review in the California Supreme Court.
2 Both petitions were denied summarily. (Exs. 4 & 9.)

3 Petitioner then filed the instant petition, in which he claims the Governor's reversal of
4 the Board's decision to grant parole was not based on sufficient reliable evidence, in
5 violation of due process. In particular, petitioner alleges the Governor's decision was not
6 supported by some evidence that petitioner at that time posed a current danger to society if
7 released, but, instead, was based solely on the circumstances of the commitment offense and
8 petitioner's pre-commitment conduct.

## DISCUSSION

A. Standard of Review

A federal district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, the California Court of Appeal and California Supreme Court summarily denied review of petitioner's claims. Thus, the Superior Court was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B. Petitioner's Claim

3

1   Under California law, prisoners serving indeterminate life sentences, like petitioner
2 herein, become eligible for parole after serving minimum terms of confinement required by
3 statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time
4 served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of
5 the panel the prisoner will pose an unreasonable risk of danger to society if released from
6 prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to
7 whether a prisoner is suitable for parole, the Board must consider various factors specified by
8 state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR
9 § 2402(b)–(d). The Governor has the authority to review the Board's decision, subject to
10 procedures provided by statute. In re Lawrence, 44 Cal. 4th 1181, 1203 & n.9 (2008).[2]
11 When a state court reviews a decision of the Board or the Governor, the relevant inquiry is
12 whether some evidence supports the decision of the Board or the Governor that the inmate
13 constitutes a current threat to public safety. Id. at 1212.
14   As noted, petitioner claims the Governor's reversal of the Board's decision to grant
15 parole was in violation of federal due process, because, petitioner contends, the Governor's
16 decision was not supported by some evidence that petitioner at that time posed a current
17 danger to society if released, but, instead, was based solely on the circumstances of the
18 commitment offense and petitioner's pre-commitment conduct.
19   Federal habeas corpus relief is unavailable for an error of state law. Swarthout v.
20 Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 at *2 (U.S. Jan. 24, 2011) (per curiam).
21 Under certain circumstances, however, state law may create a liberty or property interest that

---

[2] "The statutory procedures governing the Governor's review of a parole decision pursuant to California Constitution article V, section 8, subdivision (b), are set forth in Penal Code section 3041.2, which states: '(a) During the 30 days following the granting, denial, revocation, or suspension by a parole authority of the parole of a person sentenced to an indeterminate prison term based upon a conviction of murder, the Governor, when reviewing the authority's decision pursuant to subdivision (b) of Section 8 of Article V of the Constitution, shall review materials provided by the parole authority. [¶] (b) If the Governor decides to reverse or modify a parole decision of a parole authority pursuant to subdivision (b) of Section 8 of Article V of the Constitution, he or she shall send a written statement to the inmate specifying the reasons for his or her decision.'" Lawrence, 44 Cal. 4th 1203 n.9.

4

is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined that California law creates such a liberty interest in release on parole. Cooke, 2011 WL 197627 at *2.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. "The Constitution, [the Supreme Court] has held, does not require more." Id. (Internal quotation and citation omitted).

Here, the record shows petitioner received at least the process found by the Supreme Court in Cooke to be adequate when the Governor reverses the Board's decision to grant parole. See id. (finding process adequate where petitioner was allowed to speak at parole hearing and contest evidence against him, was afforded access to records in advance, and was notified by Governor as to reasons why parole was denied)**.** Specifically, the record shows petitioner was represented by counsel at the hearing (Ex. 1 Hearing Transcript at 2:8); petitioner, whose native language is Spanish, was provided with an interpreter for the hearing (id. at 2:15, 2:26-27); petitioner reviewed his central file in preparation for the hearing (id. at 5:24-6:8); petitioner's counsel was provided with copies of the documents reviewed by the Board at the hearing (id. at 8:11-9:4); petitioner discussed with the Board his role in the commitment offense, his personal background, his parole plans, his achievements while incarcerated, the psychological reports prepared for the hearing, and other factors considered by the Board (id. at 10-42); and both petitioner and his counsel made statements advocating

5

petitioner's release (id. at 42-26). Additionally, the Governor provided petitioner with a thorough explanation as to why the Governor believed petitioner's release at that time would pose an unreasonable danger to society and, consequently, reversed the Board's grant of parole. (Ex. 1 Governor's Decision at 1-3.)

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Governor's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 2011 WL at *3. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds the state court's adjudication of petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, the petition for a writ of habeas corpus will be denied.

C.  Certificate of Appealability

A certificate of appealability will be denied as to petitioner's claim. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has neither made "a substantial showing of the denial of a constitutional right," Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc) (citing 28 U.S.C. § 2253(c)(2)), nor demonstrated that his claim is "debatable among reasonable jurists." Id. at 555.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: February 14, 2011

_____
MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California